STATE OF NORTH CAROLINA v. JOHN A. SPRINKLE

No. 7623SC217

(Filed 4 August 1976)

**Homicide § 28— self-defense — burden of proof — jury instructions proper**
Instructions of the trial court in a prosecution for voluntary manslaughter sufficiently apprized the jury that the burden of proof with respect to self-defense rested with the State.

Judge CLARK dissenting.

APPEAL by defendant from *McConnell, Judge.* Judgment entered 27 October 1975 in Superior Court, ALLEGHANY County. Heard in the Court of Appeals 11 June 1976.

Defendant was indicted for voluntary manslaughter. From a plea of not guilty, the jury returned a verdict of guilty as charged. From judgment sentencing him to a term of imprisonment, defendant appealed.

Other facts necessary for decision are set out below.

*Attorney General Edmisten, by Special Deputy Attorney General John Silverstein and Associate Attorney Noel Lee Allen, for the State.*

*Arnold L. Young and Franklin D. Smith for defendant appellant.*

MORRIS, Judge.

Defendant, contending that he acted in self-defense, maintains that the trial court erred by failing to charge the jury correctly and sufficiently that the burden of proof with respect to self-defense rests with the State, in violation of the principles enunciated in *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed. 2d 508 (1975) ; *State v. Hankerson,* 288 N.C. 632, 220 S.E. 2d 575 (1975). We disagree.

It is true that the court did not, as defendant indicates it should have, say specifically that the jury could not find defendant guilty of voluntary manslaughter unless the State had proved that defendant did not act in self-defense. Nevertheless, the court did clearly instruct the jury that it was the burden of the State to satisfy them of defendant's guilt beyond a reasonable doubt. They were further instructed that defend-

ant would not be guilty if they were satisfied that defendant acted in self-defense; that it appeared to him that it was necessary to shoot deceased in order to save himself from death or great bodily harm, that the circumstances as they appeared to defendant at the time were sufficient to create such a belief in the mind of a person of ordinary firmness; that the defendant was not the aggressor; that he did not use excessive force.

The court then recapitulated the evidence, including the evidence of self-defense and stated that the defendant contended that the jury should be satisfied from the evidence that he acted in self-defense but that "it is not his burden to prove his innocence. The burden never shifts to the defendant, but if you are satisfied he acted in self-defense you will find him not guilty." Though the charge could have complied more precisely, we think that it is in substantial compliance with *Mullaney* and *Hankerson* and that the jury could not have understood that the defendant had the burden of proving his innocence upon the ground of self-defense. We note that the opinion in *Hankerson* was filed 17 December 1975. The judgment in this case was entered on 27 October 1975. The court did not have the benefit of that opinion's interpretation of the application of *Mullaney* to this case. Since the charge, in our opinion, was sufficient to apprise the jury that the defendant did not have the burden of proving his innocence on the grounds of self-defense, we are constrained to hold that it does not constitute reversible error.

Defendant further contends that the court committed reversible error in very briefly referring to and defining first and second degree murder in reaching voluntary manslaughter. There is no merit in this contention.

No error.

Judge VAUGHN concurs.

Judge CLARK dissents.

Judge CLARK dissenting.

This case was tried after the *Mullaney* decision of 9 June 1975, and before the *State v. Hankerson* decision of 27 October 1975. In *Hankerson* the North Carolina Supreme Court stated: "If upon considering all the evidence, including the inferences

---

Construction Co. v. Gibson

---

and evidence of self-defense, the jury is left with a reasonable doubt as to the existence of unlawfulness it must find the defendant not guilty."

The trial judge instructed the jury that to excuse the killing the jury must be satisfied that defendant acted in self-defense, both originally in explaining the law of self-defense and in the final mandates.

It is my opinion that the instruction does not comply with the law in *Mullaney* and *Hankerson,* which requires that where defendant raises the issue of self-defense the State must prove beyond a reasonable doubt that he did not act in self-defense. In my opinion the judgment should be reversed for this error.